IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| CHARLIE ANDREW MASSENGALE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 5:17-CV-99 (MTT) |
| Warden BENJAMIN FORD, *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

After screening the Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge Stephen Hyles allowed the Plaintiff's failure-to-protect claims against Defendant Doe to proceed. Doc. 11 at 1. The Magistrate Judge recommends dismissing the Plaintiff's failure-to-protect claims against Defendants Ford, Williams, Cross, and Hollman. *Id.* at 7. The Magistrate Judge also recommends that the Plaintiff's remaining claims for denial of adequate medical care and lack of access to the grievance procedure be dismissed without prejudice and that his motion for injunctive relief be denied. *Id.* at 1. The Plaintiff has objected to the Recommendation.[1] Doc. 12. Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed de novo the portions of the Recommendation to which the Plaintiff objects. For the following reasons, the Recommendation is **ADOPTED as modified**.

---

[1] Actually, the Plaintiff has filed a "Motion for Full Investigation on Prior Incidents Involving Taylor," which the Court construes as an objection. Doc. 12. To the extent the Plaintiff is asking the Court to dispatch an investigator or a team of agents to investigate his allegations, the motion is **DENIED**. It is not this Court's role to provide an investigator.

In his objection, the Plaintiff does not address the Magistrate Judge's recommendation that his claims for denial of adequate medical care and lack of access to the grievance procedure be dismissed and that his motion for injunctive relief be denied. *See generally* Doc. 12. Rather, the Plaintiff seems to object to the recommendation that his failure-to-protect claims against Defendants Ford, Williams, Cross, and Hollman be dismissed. *See id.* The Plaintiff argues that once he was "put back to population," he was told that the officers knew about Inmate Taylor beating up other inmates and that "to [his] knowledge the staff knew and chose not to do anything about it." *Id.* at 1-2. He also contends that a full investigation of prior incidents involving Inmate Taylor would show that he was "not the first one this happened to." *Id.* at 2. Construing this liberally in the Plaintiff's favor, it seems at this stage the Plaintiff's failure-to-protect claims against Defendant Doe may extend to the other Defendants. *See Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir. 2003) (holding that the plaintiff, at the summary judgment stage, failed to establish that either defendant "had a subjective awareness of a substantial risk of serious physical threat to Plaintiff").

For the foregoing reasons, the Recommendation is **ADOPTED as modified**. Accordingly, the Plaintiff's failure-to-protect claims against all Defendants may proceed for factual development. His remaining claims for denial of adequate medical care and lack of access to the grievance procedure are **DISMISSED without prejudice**, and his motion for injunctive relief (Doc. 1) is **DENIED**.

**SO ORDERED,** this 23rd day of January, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT