IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHARLIE ANDREW MASSENGALE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-99 (MTT) |
| Warden BENJAMIN FORD, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER

United States Magistrate Judge Stephen Hyles recommends granting the Defendants' motion for summary judgment (Doc. 29) and dismissing Plaintiff Charlie Massengale's claims because he failed to exhaust his administrative remedies. Doc. 33 at 1-2. The Plaintiff has not objected to the Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the Recommendation for clear error and accepts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 33) is **ADOPTED** and made the order of this Court. Accordingly, the Defendants' motion for summary judgment (Doc. 29) is **GRANTED**, and the Plaintiff's case is **DISMISSED without prejudice**.[1]

**SO ORDERED,** this 20th day of February, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] It appears the statute of limitations has run on the Plaintiff's claims as the events upon which those claims rely occurred in July 2016. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)); *but see Scott v. Muscogee Cty., Ga.*, 949 F.2d 1122, 1123 (11th Cir. 1992) (Georgia's renewal statute (O.C.G.A. § 9-2-61) may apply in a 42 U.S.C. § 1983 action). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because the Plaintiff had ample opportunity to exhaust his administrative remedies before filing suit but failed to do so.